UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG S. COLEMAN,

        Petitioner,

v.

LEON NEAL,

        Respondent.

NO.  C14-486-JCC-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, a state prisoner, seeks relief under 28 U.S.C. § 2254 from a 2010 judgment and sentence.  Respondent has filed an answer to petitioner's habeas petition and has submitted relevant portions of the state court record.  Petitioner did not file a response to respondent's answer.  The Court, having carefully reviewed the petition, respondent's brief, the state court record, and the balance of the record, concludes that petitioner's federal habeas petition should be DENIED, and this action should be DISMISSED with prejudice.  The Court also concludes that a certificate of appealability should be DENIED.

## II. FACTUAL AND PROCEDURAL HISTORY

The Washington Court of Appeals, on direct appeal, summarized the facts relevant to petitioner's conviction as follows:

REPORT AND RECOMMENDATION - 1

Seattle Police Officer Andrew West was working undercover in Seattle's Belltown neighborhood as part of a buy-bust operation to purchase street-level narcotics. While walking along Second Avenue, Officer West made eye contact with Craig Coleman and asked, "What's up?" Coleman replied, "You looking?" Officer West asked Coleman, "You got a 40?" (a common reference to $40 worth of narcotics). Coleman did not, but said he knew somebody who did and indicated that Officer West should follow him.

The pair began walking together and came upon Shaniqua Bolds. Coleman and Bolds started talking to each other, and Officer West said he was looking for $40 worth of crack cocaine. Bolds told Officer West and Coleman to wait there while she retrieved the drugs. She ran down the street, and Officer West and Coleman continued to walk together down Second Avenue. When Officer West asked where Bolds was, Coleman pointed to a silver truck and said that Bolds was inside. Coleman said, "Come on, we got to go down to First Avenue." When they reached the northeast corner of the intersection at First Avenue and Wall Street, the silver trucked pulled up beside them. Officer West saw that Bolds was in the passenger seat. Bolds pointed to the southwest corner of the intersection, indicating she wanted to meet them there. Officer West and Coleman proceeded to the intersection's southwest corner.

Bolds got out of the vehicle and asked for Officer West's money. Officer West asked to see the drugs. Bolds displayed two stones of crack cocaine in her palm and then handed them to Coleman. In return, Officer West gave Bolds $40. Officer West grabbed one stone from Coleman, but Coleman held on to the other, broke off half of it, and said, "You need to hook me up."

Officer West made a "good buy" sign, indicating to other officers that a buy had been made and the arrest team should move in. Coleman was arrested, and a crack pipe was found in his possession. The State crime lab confirmed that the substance Bolds handed to Coleman was cocaine.

Dkt. 21, Ex. 2 (*State v. Coleman*, No. 66326-7-1 (Wash. Ct. App. Jul. 16, 2012) (unpublished)) at 1-2.

On direct appeal, the Washington Court of Appeals affirmed petitioner's conviction. *Id.* at 4. Petitioner sought review by the Washington Supreme Court, which denied review without comment on January 9, 2013. Dkt. 21, Ex. 7. The state court issued the mandate on February 8, 2013. Dkt. 21, Ex. 8.

Petitioner filed a personal restraint petition in November 2011, which was denied by the Washington Court of Appeals. Dkt. 21, Exs. 9 and 15. The Washington Supreme Court

REPORT AND RECOMMENDATION - 2

denied petitioner's request for discretionary review. Dkt. 21, Exs. 16-18. The state court issued a certificate of finality on May 3, 2012. Dkt. 21, Ex. 19.

### III. GROUNDS FOR RELIEF

Petitioner identifies two grounds for relief in his petition for writ of habeas corpus. Those claims may be stated as follows:

(1) Whether the evidence was insufficient to support petitioner's conviction for delivery of a controlled substance.

(2) Whether the prosecutor expressed personal opinions and theories during direct examinations and closing arguments that amount to prosecutorial misconduct.

*See* Dkt. 7 at 5, 17.

### IV. EVIDENTIARY HEARING

The Court finds that petitioner's claims can be resolved by reference to the state court record. Therefore, an evidentiary hearing is not necessary. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.").

### V. DISCUSSION

A. Ground One: Sufficiency of the Evidence

Respondent concedes that petitioner exhausted his sufficiency of the evidence claim but argues that he is not entitled to relief. As discussed below, the Court agrees.

*1. Standard of review under 28 U.S.C. § 2254(d)*

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if (1) the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) the

REPORT AND RECOMMENDATION - 3

decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal court may grant the habeas petition only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See id*. at 407-09.

The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). The Supreme Court has further explained that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Clearly established federal law, for purposes of AEDPA, means "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer*, 538 F.3d at 71-72. "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood*, 211 F.3d 480, 485-86 (9th Cir. 2000)). If a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct,

REPORT AND RECOMMENDATION - 4

and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    *2.*     *The evidence supporting petitioner's conviction is constitutionally sufficient*

As his first ground for relief, petitioner contends the evidence introduced at trial was insufficient to support his conviction as an accomplice in the delivery of a controlled substance, specifically cocaine. Petitioner argues that there was insufficient evidence that he accompanied or aided Ms. Bolds in delivering cocaine to Officer West, pointing out that Officer West initiated the interaction. *See* Dkt. 5 at 21-24.

The Constitution forbids the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 361-64 (1970). In reviewing a claim of insufficiency of the evidence to support a conviction, a federal habeas court must view the evidence in the light most favorable to the prosecution. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Review is sharply limited, and the federal court owes great deference to the trier of fact. *Wright v. West*, 505 U.S. 277, 296-97 (1992). The reviewing court must keep in mind the requirements of state law: "the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Evidence is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. For example, the jury is entitled to believe the State's evidence and to disbelieve the defense's evidence. *Wright*, 505 U.S. at 296. On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (quoting *Cavazos v. Smith*, 565 U.S. 1 (2011) (quoted source omitted)) (per curiam).

REPORT AND RECOMMENDATION - 5

Under Washington law, a conviction for delivery of a controlled substance requires (1) delivery of a controlled substance, (2) with knowledge that the substance delivered was a controlled substance. *State v. DeVries*, 149 Wash. 2d 842, 855-57 (2003); *see also* RCW 69.50.401(a). A person is an accomplice if, "[w]ith knowledge that it will promote or facilitate the commission of the crime, he or she: (i) Solicits, commands, encourages, or requests such other person to commit it; or (ii) Aids or agrees to aid such other person in planning or committing it . . . ." RCW 9A.08.020(3)(a). "[A] person is not an accomplice merely because he was present at the scene and knew that a crime was being committed." *State v. Wilson*, 95 Wash. 2d 828, 832 (1981). "To prove that one present is an aider, it must be established that one is 'ready to assist' in the commission of the crime." *State v. Rotunno*, 95 Wash. 2d 931, 933 (1981) (citation omitted). Thus a person may be an accomplice to the crime of delivery by assisting the buyer or the seller. *State v. Ramirez*, 62 Wash. Ct. App. 301 (1991).

The Washington Court of appeals denied petitioner's claim, finding sufficient evidence to support the jury's finding of the essential elements of the crime beyond a reasonable doubt:

> Coleman argues that there is insufficient evidence to prove that he delivered a controlled substance. He portrays himself as merely an addict looking for drugs. But, Coleman was charged as an accomplice, not a principal. It was sufficient for the State to prove that Coleman aided Bolds in the delivery of a controlled substance.
>
> Coleman told Officer West he knew someone who had drugs, and indicated that Officer West should follow him. When they located Bolds, Bolds and Coleman began talking and appeared to know each other. After Bolds left to retrieve the drugs, Coleman stayed with Officer West and escorted him to the meeting location. At one point, Coleman indicated that Bolds was in a silver truck at an intersection. Then, without prompting, Coleman told Officer West they needed to meet Bolds at a different intersection. When Bolds handed over the drugs, she gave them to Coleman and then took the money from Officer West. The State crime lab confirmed that the substance was cocaine, a controlled substance. Coleman wanted drugs in exchange for helping Officer West, but that does not alter the fact that he aided Bolds by actively arranging for the sale to occur. Coleman was not merely present when the sale occurred,

      and he was not aimlessly looking for drugs.  The State presented sufficient
      evidence for a rational trier of fact to find Coleman guilty as an accomplice.

Dkt. 21, Ex. 2 at 3-4.

      The Court finds that, based on the evidence presented at trial, a rational jury could have found that petitioner aided Ms. Bolds in selling a controlled substance to Officer West. According to Officer West, petitioner responded to his greeting with a common reference to looking for narcotics: "You looking?"  Dkt. 21, Ex. 20 (trial transcript) at 44-45.  Although petitioner did not have the $40 worth of narcotics Officer West was looking for, he told Officer West that he knew someone who did.  *Id.* at 45.  When petitioner and Officer West then started walked down the street, they encountered Ms. Bolds, who appeared to know petitioner.  *Id.* at 46.  Ms. Bolds told Officer West that she would get the drugs he requested, and she turned to jog down the street.  *Id.*  After Ms. Bolds turned at an intersection and Officer West lost track of her, petitioner indicated that she had gone to a truck that was parked down the street.  *Id.* at 81.  After that, petitioner directed Officer West to continue walking.  *Id.* at 47.  Once they met up with Ms. Bolds again, Officer West paid her and she handed two stones of crack cocaine to petitioner.  *Id.* at 48.  Petitioner then kept half of a stone, saying that Officer West needed to "hook" him up.  *Id.*

      Based on this evidence, a rational trier of fact could find that petitioner helped the transaction occur and was not merely present at the scene of the crime.  *See Jackson*, 443 U.S. at 319.  Petitioner thus fails to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  Accordingly, his first ground for relief should be denied.

B. Ground Two: Prosecutorial Misconduct

Respondent argues that petitioner failed to exhaust his prosecutorial misconduct claim and that the claim is now procedurally barred under an independent and adequate state law. In addition, respondent maintains that this claim is barred in federal court because petitioner has not shown cause and prejudice or a fundamental miscarriage of justice. As discussed below, the Court agrees.

*1. Petitioner did not exhaust his prosecutorial misconduct claim*

The exhaustion doctrine requires a petitioner to provide the state courts with the opportunity to rule on his federal habeas claims before presenting those claims to the federal courts. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see also Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (noting that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review").

Petitioner did not exhaust his prosecutorial misconduct claim. Although he pursued direct appeal and filed a personal restraint petition, neither alleged prosecutorial misconduct related to the prosecutor's questioning of witnesses or closing arguments. *See* Dkt. 21, Exs. 3 (brief on direct appeal), 6 (petition for review with the Washington Supreme Court), 9 (personal restraint petition), 16 (motion for discretionary review of the denial of the personal restraint petition), 17 (motion to supplement motion for discretionary review). Accordingly, petitioner failed to properly exhaust his second ground for relief.

*2.     Petitioner's prosecutorial misconduct claim is procedurally defaulted*

When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review. *Coleman*, 501 U.S. at 735 n. 1.

Respondent asserts that petitioner's second ground for relief is procedurally defaulted because he would now be barred from presenting this claim to the state courts under RCW 10.73.090 (time bar) and RCW 10.73.140 (successive petition bar). RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. A judgment becomes final for purposes of state collateral review on the date that the appellate court issues its mandate disposing of a timely direct appeal. RCW 10.73.090(3)(b). Here, the state court issued its mandate terminating direct review on February 8, 2013. It therefore appears clear that petitioner would now be time barred from returning to the state courts to present his unexhausted claim. *See* RCW 10.73.090. In addition, because petitioner has previously presented a personal restraint petition to the state courts, the state courts are unlikely to entertain another such petition from petitioner. *See* RCW 10.73.140. As such, the Court concludes that petitioner has procedurally defaulted on his second ground for relief.

*3.     Petitioner has not established cause and prejudice*

When, as here, a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To satisfy the

REPORT AND RECOMMENDATION - 9

"cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray*, 477 U.S. at 495-96.

Petitioner fails to demonstrate that any factor external to the defense prevented him from complying with the state's procedural rules and, thus, he has not demonstrated cause for his procedural default. Because petitioner has not met his burden of demonstrating cause for his procedural default, the Court need not determine whether there was any actual prejudice. *See Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). In addition, petitioner makes no colorable showing of actual innocence. Petitioner therefore fails to demonstrate that his procedurally defaulted claim is eligible for federal habeas review. Accordingly, petitioner's second ground for relief should be denied.

### VI.  CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with

the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in this action.  Thus a certificate of appealability should be denied.

## VII.   CONCLUSION

For the reasons set forth above, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED and this action be DISMISSED with prejudice.  The Court further recommends that a certificate of appealability be denied with respect to all claims asserted in this action.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 10, 2014**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 14, 2014**.

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Dated this 20th day of October, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge